UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| HENRY JORDAN, </br>   a/k/a Henry Jordan Broadwell, </br>   a/k/a Hank Jordan, </br>   a/k/a Douglas Henry Broadwell, </br></br>     Petitioner, </br></br> V. </br></br> SANDRA BUTLER, WARDEN, </br></br>     Respondent. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | Civil Action No. 6: 14-159-DCR </br></br></br></br></br></br></br></br> **MEMORANDUM OPINION </br> AND ORDER** |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Henry Jordan[1] is an inmate confined by the Bureau of Prisons ("BOP") at the Federal Correctional Institution-Manchester in Manchester, Kentucky. Proceeding without an attorney, Jordan has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] Jordan challenges the enhancement of his federal sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e), based on the Supreme Court's holding in *Descamps v. United States*, __ U.S. __, 133 S.Ct. 2276 (2013). Jordan has paid the $5.00 filing fee. [Record No. 5]

---

1  The Bureau of Prisons ("BOP") identifies this petitioner, BOP Register No. 41021-074, as "Henry Jordan." *See* http://www.bop.gov/inmateloc/ (last visited on November 20, 2014). Further, he was identified as "Henry Jordan" in prior federal litigation, which will be discussed below. Therefore, the Clerk of the Court will be instructed to change, on the CM/ECF cover sheet, the identity of this petitioner from "Henry Jordan Broadwell" to "Henry Jordan," and to list the following alias designations for Jordan: (i) "Henry Jordan Broadwell;" (ii) "Hank Jordan;" and (iii) "Douglas Henry Broadwell."

-1-

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates his petition under a more lenient standard because Jordan is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), overruled on other grounds *Jones v. Bock*, 549 U.S. 199 (2007). Thus, at this stage of the proceedings, the Court accepts Jordan's factual allegations as true and liberally construes his legal claims in his favor.

Following review, the Court will dismiss Jordan's § 2241 petition.

## I.

In August 2004, a sealed indictment was returned in a Tennessee federal court, charging Jordan with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 1), and with possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count 2). *United States v. Henry Jordan, a/k/a, "Hank Jordan, a/k/a "Henry Broadwell," a/k/a "Douglas Henry Broadwell,"* No. 1:04-CR-129 (E.D. Tenn., 2004) [Record No. 1, therein] On March 8, 2005, the Government filed a superseding indictment against Jordan, which included the two original counts and added a third count charging him with possessing a firearm in furtherance of the drug trafficking crime alleged in Court Two in violation of 18 U.S.C. § 924(c)(1) (Count 3). [Record No. 25, therein]

On October 6, 2005, Jordan pleaded guilty to all three counts of the superseding indictment without a written plea agreement. [Record No. 40, therein] Because Jordan qualified as an armed career criminal based on his prior criminal convictions, he faced a mandatory minimum of fifteen years (180 months) on the first count. The third count carried a mandatory minimum sentence of five years (60 months) which was required to run consecutively to any other sentence imposed under 18 U.S.C. § 924(c)(1)(C)(ii). On January 19, 2006, the district court sentenced Jordan to a 240-month prison term, consisting of concurrent terms of imprisonment of 180 months on Court One and 60 months on Count Two, and a consecutive term of 60 months of Count Three. [Record Nos. 43 and 45, therein] Jordan appealed, but his conviction was affirmed. *United States v. Jordan*, 308 F. App'x 990 (6th Cir. 2009).[2]

In April 2009, Jordan filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging that he had been deprived of his right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. [Record No. 70, therein] In October 2011, the district court denied Jordan's claims alleging that his counsel had failed to object to both his classification under the ACCA and the statutorily mandated five-year consecutive term of imprisonment on his § 924(c) conviction. However, the district court concluded that an evidentiary hearing was needed to establish whether Jordan's counsel: (i) was ineffective based on his failure to communicate a tentative plea offer from the government, which would have permitted Jordan to plead guilty to Counts Two and Three of

---

2   On direct appeal, Jordan asserted a perfunctory challenge to his designation as an armed career criminal, but because he set forth no developed argument in support of that claim, the Sixth Circuit treated it as waived. *Id*. at 992

the superseding indictment and would have dismissed Count One; and (ii) labored under a conflict of interest while representing Jordan. [Record Nos. 85 and 86, therein]; *Jordan v. United States*, Nos. 1: 09-CV-96, 1:04-CR-129, 2011 WL 5143049 (E. D. Tenn. Oct. 28, 2011).

In October 2012, the district court denied Jordan's remaining two claims alleging ineffective assistance of counsel, concluding that Jordan had not carried his burden of proof regarding either claim. [Record No. 100, therein]; *See also Jordan v. United States*, Nos. 1:09-CV-96, 1:04-CR-129, 2012 WL 5304176 (E. D. Tenn. Oct. 25, 2012). The district court also denied Jordan's motions to alter or amend the order denying his § 2255 motion and to make additional findings of fact. [Record No. 105, therein] Jordan appealed, but the Sixth Circuit denied his request for a certificate of appealability, finding that he had not made a substantial showing of the denial of federal constitutional right. [Record No. 113, therein]; *See Jordan v. United States*, No. 13-5069 (6th Cir. July 12, 2013).

## II.

In this § 2241 petition, Jordan broadly challenges his status as an armed career criminal and the resulting enhancement of his sentence under 18 U.S.C. § 924(e). Jordan provides no specific facts in support of his claim but construing his petition broadly, he claims that his prior criminal conviction for third degree burglary was not a proper predicate offense under the ACCA. Jordan specifically alleges that his enhanced sentence violates both the Fifth and Sixth Amendments to the United States Constitution.

Jordan relies on *Descamps* in support of his argument that his federal sentence should not have been enhanced. In *Descamps*, the Supreme Court examined whether a state-law

burglary conviction qualified as a "violent felony" within the meaning of the ACCA. *Descamps*, 133 S.Ct. at 2282. The Court held that, when determining whether a prior conviction qualifies as a predicate offense under the ACCA, sentencing courts may not apply the "modified categorical approach" when the crime of which the defendant was convicted has a single, indivisible set of elements. *Id*. at 2282–83 (describing the differences between the "categorical approach" and the "modified categorical approach"). The Supreme Court clarified that a sentencing court "may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." 133 S.Ct. at 2293. Again, Jordan does not provide specific facts explaining how *Descamps* applies to his case, but he nevertheless contends that *Descamps* renders him actually innocent of his sentence enhancement, applies retroactively to his case, and affords him relief from his sentence. [Record No. 1, p. 8]

### III.

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Jordan does not contest the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the

purview of § 2241. Instead, he contends that based on the holding of *Decamps*, his ACCA-enhanced sentence violates his constitutional rights. Thus, Jordan is challenging the constitutionality of his 240-month sentence on Fifth and Sixth Amendment grounds, under § 2241 by way of the "savings clause" of § 2255(e).

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. The saving clause applies "only where the petitioner also demonstrates actual innocence." *Wooten*, 677 F.3d at 307; *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). "One way to establish factual innocence is to show an 'intervening change in the law that establishes [the petitioner's] actual innocence.'" *Wooten*, 677 F.3d at 307 (quoting *Peterman*, 249 F.3d at 461–62). To demonstrate innocence through an intervening change in the law, a petitioner must demonstrate a new interpretation of statutory law that the petitioner could not have incorporated into his direct appeals or subsequent motions, that the interpretation is retroactive, and that it applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him. *Id.* "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756. Jordan contends that his § 2255 motion was inadequate or ineffective because *Descamps*, decided long after his § 2255

-6-

motion was denied, supports his argument that the district court improperly determined that he qualified for an ACCA-enhanced sentence.

However, *Descamps* does not apply retroactively to cases on collateral review, such as Jordan's § 2241 petition. *Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). This Court has also found that *Descamps* does not apply retroactively to cases on collateral review, under either § 2241 or § 2255. *United States v. Patrick*, Nos. 6: 06-CR-34-DCR, 6: 14-CV-7357-DCR, 2014 WL 2991857, at *2 (E.D. Ky. June 30, 2014) (finding that *Descamps* did not afford retroactive relief under 28 U.S.C. § 2255); *Wilson v. Holland*, No. 13-CV-164-DCR, 2014 WL 517531, at *3 (E.D. Ky. Feb. 10, 2014) (denying §2241 petition based on *Descamps*); *See also Oman v. Cross*, 2014 WL 3733981, at **2–3 (S.D. Ill., July 29, 2014); *Hoskins v. Coakley*, No. 4:13-CV-1632, 2014 WL 245095, at *5 (N.D. Ohio Jan. 22, 2014) (holding that *Descamps* did not apply retroactively and did not provide a basis for relief under § 2241).[3] Further, as the Sixth Circuit recognized in *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014), *Descamps* did not announce a new rule, but simply reaffirmed the approach from *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005).

---

3   *See also Randolph v. United States*, No. CCB-13-1227, 2013 WL 5960881, at * 1 (D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *United States v. Sanders*, No. 4:03-CR-154, 2013 WL 5707808, at *2 n. 25 (N.D. Ohio, Oct. 18, 2013) (noting that *Descamps* has not been made retroactive to cases on collateral attack); *Roscoe v. United States*, Nos. 2:11-CR-37-JHH-RRA, 2:13-CV-8006-JHH, 2013 WL 5636686, at *11 (N.D. Ala. Oct. 16, 2013) (same); *Strickland v. English*, No. 5:13-CV-248-RS-EMT, 2013 WL 4502302, at * 8 (N.D. Fla. Aug. 22, 2013) (finding that "*Descamps* does not open the § 2241 portal" to review the claim under the savings clause).

It is also noteworthy that Jordan does not claim that he is actually innocent of the underlying firearm and drug offenses. He has not alleged that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("[The petitioner] does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."); *see also Whittaker v. Chandler*, 574 F. App'x 448, 449 (5th Cir. 2014). Thus, Jordan's claim challenging the length of his sentence fails because claims of sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman*, 325 F.3d at 724. Because Jordan has not alleged a viable claim of actual innocence, he is not entitled to relief under § 2241.

### IV.

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court shall change, on the CM/ECF cover sheet, the identity of the Petitioner from "Henry Jordan Broadwell" to "Henry Jordan," and to list the following

alias designations for Jordan: (i) "Henry Jordan Broadwell;" (ii) "Hank Jordan;" and (iii) "Douglas Henry Broadwell."

2. Henry Jordan's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This 2nd day of December, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge